UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH J. E.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:25-CV-5833-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of Plaintiff's testimony about the severity of her symptoms. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.    Factual and Procedural History

Plaintiff unsuccessfully applied for SSI and disability insurance benefits in 2016.[2] Dkt. 7, Administrative Record ("AR") 205–49. She filed a new application for SSI on October 27, 2022, alleging disability beginning on December 18, 2021. AR 499–505. Through her representative, she later amended the alleged onset date to the protective filing date of October 27, 2022. AR 626. Her application was denied at the initial level and on reconsideration. AR 305–09, 320–28. She requested a hearing before an ALJ, which took place on September 11, 2024. AR 77–109, 331–35. Plaintiff was represented at the hearing. *See* AR 77. On September 26, 2024, the ALJ issued an unfavorable decision denying benefits. AR 275–98. Then, on October 31, 2024, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case back to the ALJ for further proceedings. AR 299–304, 415–18.

A second hearing was held on July 16, 2025. AR 43–76. The following day, Plaintiff's counsel submitted written objections to the vocational expert's hearing testimony. AR 669–80. On July 25, 2025, the ALJ issued another unfavorable decision finding Plaintiff had not been under a disability from November 17, 2022, through the date of the decision. AR 14–42. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–13, 495–98. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

In the final decision dated July 25, 2025, the ALJ found Plaintiff had the severe impairments of personality disorder, anxiety disorder (with panic disorder), fibromyalgia, depressive disorder, trauma, obesity, and benign joint hypermobility. AR 20. Despite these

---

[2] In the most recent decision, the ALJ found the presumption of continuing non-disability was rebutted. AR 18.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain caveats:

> [Plaintiff can] only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can frequently balance, but occasionally stoop, kneel, crouch, and crawl. The individual can frequently handle, finger, and feel bilaterally. The individual can tolerate occasional exposure to workplace hazards such as working in high, exposed places or in proximity to moving mechanical parts. The individual can understand, remember, and carry out simple instructions, and can tolerate occasional contact with coworkers. The individual cannot engage in tasks that requires teamwork or close collaboration with co-workers. The individual can tolerate not [sic] direct interactive contact with the general public. The individual requires regular work breaks at 2-hour intervals.

AR 23.

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

III.    **Discussion**

Plaintiff contends the ALJ erred in evaluating certain medical opinion evidence, Plaintiff's testimony about the severity of her symptoms, and lay witness evidence. Dkt. 10 at 1. She further argues the ALJ relied on erroneous vocational evidence and formulated an incomplete RFC. *Id.* She contends the proper remedy for these errors is remand for an award of benefits. *Id.* at 17–18; Dkt. 15 at 10.

A.  *Subjective Symptom Testimony*

Plaintiff argues the ALJ erred in discounting her testimony about the severity of her symptoms. Dkt. 10 at 9. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged symptoms; rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).

If the claimant satisfies this first step and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ to make "specific finding[s]:"

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g).

At the hearing on September 11, 2024, Plaintiff testified that the main issues keeping her from working were pain from fibromyalgia and extreme anxiety. AR 89. She described daily dull or burning pain and tenderness, particularly in her chest, lower back, and hands. AR 91–92. She rated her daily pain at an average level or five or six out of ten and no lower than three out of ten. AR 91. She also said she had trouble manipulating things with her hands and dropped things often. *Id.* Plaintiff described additional symptoms of forgetfulness, brain fog, and fatigue. AR 92–93. She stated she could stand or walk for about five to ten minutes at a time, after which she would need to sit or lie down for 30 minutes to an hour. AR 94.

Plaintiff testified she experienced pain every day, but the pain became worse during a fibromyalgia flare up. AR 90. She testified these flares occurred at least once a month and lasted about three days with medication or could last three weeks without medication. *Id.* Plaintiff also

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

testified that during a flare, she experienced increased fatigue and would go back to sleep only a couple of hours after waking up. AR 94.

At the remand hearing on July 16, 2025, Plaintiff testified that her condition had been slowly worsening over the previous year. AR 53. She had tried going for walks of just a few blocks and after two or three walks over a few days, she was "down" for a week or longer. AR 54–55. She stated her pain level was "basically never below a four" out of ten but was usually a five or six out of ten. AR 56. She described worsening swelling and functioning in her hands. AR 57. She could not lift heavy things and said the last time she picked up something that was about ten pounds she was sore for the entire day. AR 59–60.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce some of the symptoms alleged, but he found Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms not fully consistent with the evidence in the record. AR 24. After summarizing the evidence in the record, the ALJ concluded "[t]he limitation to light work, with the postural, manipulative, and environmental limitations described in the residual functional capacity, is consistent with the objective and clinical findings that establish fibromyalgia, obesity, and benign joint hypermobility" but found that "no greater limitations [than those detailed in the RFC] are established by the treatment record[.]" AR 27.

Defendant argues the ALJ's decision to discount Plaintiff's testimony was supported by evidence showing a consistent and conservative course of treatment, daily activities inconsistent with her allegations, and inconsistencies between Plaintiff's claimed limitations and her reports to providers, in addition to inconsistency with the objective medical evidence in the record. Dkt. 14 at 2–9. But the ALJ did not supply all of these reasons for discounting Plaintiff's testimony in the written decision; rather, the only clear reason offered by the ALJ for disbelieving her

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

allegations was inconsistency with objective medical evidence in the record. *See* AR 24–29. As noted above, this Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

When a claimant has established a medical impairment reasonably likely to be the cause of alleged pain, an ALJ may not reject the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991). "Although an ALJ may use '*inconsistent* objective medical evidence in the record to discount subjective symptom testimony,' the ALJ 'cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony.'" *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (quoting *Smartt*, 53 F.4th at 498).

Here, the ALJ acknowledged Plaintiff's reports of chronic pain but found insufficient evidence in the record to support Plaintiff's claims, citing multiple findings of normal gait, strength, and range of motion. AR 27–28. The Ninth Circuit has cautioned against relying on physical measures to discount fibromyalgia claims. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("The ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement.") (cleaned up); *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017)

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

("[A] person with fibromyalgia may have muscle strength, sensory functions, and reflexes that are normal.") (cleaned up). Although the ALJ provided an overview of the medical evidence in the record, he did not explain why the cited normal physical examination results conflicted with Plaintiff's claims of debilitating fibromyalgia pain. *See Reinertson v. Barnhart*, 127 F. App'x 285, 290 n.2 (9th Cir. 2005) (unpublished) ("One who suffers from fibromyalgia, a condition marked by 'chronic pain throughout the body,' is not necessarily in 'acute distress.'") (quoting *Benecke*, 379 F.3d at 590); *Brown-Hunter*, 806 F.3d at 489 ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination.").

The ALJ also briefly acknowledged Plaintiff's testimony that she experiences monthly fibromyalgia flares involving increased pain and fatigue. AR 23, 27–28. The ALJ appears to have accepted that Plaintiff experiences these flares, as evidenced by the fact that he found a state agency medical consultant's opinion that Plaintiff could perform medium work "not persuasive because it fails to take into account the claimant's decreased capacity during fibromyalgia flares." AR 29–30. But the ALJ himself did not explain how or whether the RFC accounted for Plaintiff's decreased capacity during a fibromyalgia flare. The only discernable explanations for the ALJ's failure to address any decrease in Plaintiff's functioning during a flare appear elsewhere in the opinion, in the discussion of (1) lay witness testimony from Plaintiff's mother, and (2) medical opinion evidence from Dr. Richard Henegan. *See* AR 30–31, 33.

When addressing a third-party function report completed by Plaintiff's mother, the ALJ stated that he "[found] it significant that the claimant did not demonstrated [sic] problems with gait or walking at clinical exams throughout the record, *some of which necessarily must have occurred during a fibromyalgia flare.*" AR 33 (emphasis added). The ALJ provided no

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

justification for the assumption that some of Plaintiff's exams must have occurred during a fibromyalgia flare, and none of the records cited by the ALJ in support of this statement indicate that Plaintiff was experiencing a flare at the time of the examination. *See id.* (citing AR 863–64, 1078, 1087, 1106, 1174, 1188, 1199, 1214, 1273, 1339, 1351, 1392, 1412, 1421, 1429, 1441, 1448, 1455, 1472, 1490, 1497, 1501). Without an explanation for the basis of this assumption, the Court cannot say this finding is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Elsewhere in the decision, the ALJ accepted Dr. Henegan's opinion of Plaintiff's capabilities when she was not experiencing a fibromyalgia flare but rejected the opined limitations during a flare.[3] AR 30–31. He wrote that Plaintiff's reports to Dr. Henegan "did not address the functional effect of her fibromyalgia flares aside from stating the areas affected, how long the flares lasted, and stating that activity increased in the amount and length of the painful episodes, although stretching provided some relief." AR 31 (citing AR 861). The ALJ further found:

> [T]he record also fails to establish greater limitations in exertional, postural or manipulative functioning during a fibromyalgia flare. Throughout the record, the treatment record shows – with only 1 exception, when the claimant showed reduced neck range of motion on consultative medical examination ([AR 864]) – normal gait, normal strength, including grip strength and motor functioning, and normal range of motion.

*Id.* In support of this finding, the ALJ cited to the same list of records as those cited for the lay witness evidence, with one additional record showing normal range of motion that did not

---

[3] Plaintiff also challenges the ALJ's evaluation of Dr. Henegan's opinion evidence. Dkt. 10 at 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

mention a fibromyalgia flare. *Id.* (citing AR 863–64, 955, 1078, 1087, 1106, 1174, 1188, 1199, 1214, 1273, 1339, 1351, 1392, 1412, 1421, 1429, 1441, 1448, 1455, 1472, 1490, 1497, 1501). It appears this finding is based on the same unsupported assumption that some of the examinations occurred during a fibromyalgia flare. Again, the Court cannot conclude this finding is supported by substantial evidence without a "logical bridge from the evidence to [the ALJ's] conclusions[.]" *See Blakes*, 331 F.3d at 569.

Accordingly, the ALJ's finding that Plaintiff's testimony about the severity of her symptoms was inconsistent with the objective evidence in the record did not constitute a sufficiently specific, clear, and convincing reason supported by substantial evidence. Therefore, the ALJ erred in assessing Plaintiff's subjective symptom testimony. This error was not harmless. Had the ALJ properly assessed the evidence, the RFC may have included additional limitations or the ultimate determination of disability may have changed. For example, Plaintiff testified she had to return to bed only a couple of hours after waking up during a fibromyalgia flare and that the flares lasted about three days per month. AR 90–94. A vocational expert testified at the 2024 hearing that any more than one instance of absenteeism per month on an ongoing basis would not allow a person to maintain long-term competitive employment. AR 102. Therefore, the error requires reversal.

B. *Remedy*

Plaintiff argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 10 at 17–18; Dkt. 15 at 10. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

379 F.3d at 595 (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison*, 759 F.3d at 1020.

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

C. *Remaining Issues*

Plaintiff further contends the ALJ failed to properly evaluate certain medical opinion evidence and lay witness testimony, and she argues that the RFC and step five findings are not

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

supported by substantial evidence. Dkt. 10 at 1. As noted above, the Court concludes the ALJ committed harmful error in assessing Plaintiff's subjective symptom testimony and remand for further proceedings is appropriate. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must reconsider all the medical evidence in the record. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

D. *Alleged Onset Date*

The Court notes discrepancies within the record regarding the alleged date of disability onset. Plaintiff's opening brief references an alleged onset date and protective filing date of October 27, 2022. Dkt. 10 at 2. This is the same alleged onset date used in the ALJ's first decision dated September 26, 2024. AR 275–98. But at the second hearing on July 16, 2025, and in the ALJ's second decision dated July 26, 2025, the ALJ references a protective filing date of November 17, 2022. AR 17, 45. Elsewhere in the second written decision, the ALJ states Plaintiff protectively filed her application on October 27, 2022. AR 25. On remand, the Commissioner is directed to clarify the appropriate alleged onset date.

**IV.    Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of May, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 13